# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLA Y. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 2573 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 6, 2014, I granted a motion filed by the Commissioner under Fed.R.Civ.P. 60(b) and 62.1 in the case of *Triplett v. Colvin*, 12-CV-4382. Some eleven months after the ruling affirming the ALJ's decision in that case, the Commissioner argued that the case should be remanded based on six opinions that were issued in the summer of 2014, and explained in chambers upon presentation of the motion that these represented drastic changes in the law. *See Yurt v. Colvin*, 758 F.3d 850 (7th Cir. July 10, 2014); *Murphy v. Colvin*, 759 F.3d 811 (7th Cir. July 22, 2014); *Hanson v. Colvin*, 760 F.3d 759 (7th Cir. July 30, 2014); *Moon v. Colvin*, 763 F.3d 718 (7th Cir. 2014); *Goins v. Colvin*, 764 F.3d 677 (7th Cir. 2014); *Browning v. Colvin*, 766 F.3d 702 (7th Cir. 2014). *Triplett v. Colvin*, 12-CV-4382 (Dkt. # 47, 50). Among the issues the Commissioner represented as affected by these cases in *Triplett* were the ALJ's assessment of the claimant's residual functional capacity, and the use of vocational expert testimony. *Triplett v. Colvin*, 12-CV-4382 (Dkt. # 47, at 2).

In this case, at least one of these issues, which recur frequently in these cases, is apparent from initial review of the administrative record. The ALJ determined that the plaintiff has moderate

limitations on her concentration, persistence, and pace. (R. 26). She purported to account for that by limiting the plaintiff to "simple, routine tasks" in both her RFC finding and her hypothetical to the vocational expert. (R. 27, 76-77). In the aforementioned *Yurt*, and other cases, the Seventh Circuit has taken ALJs to task for attempting to accommodate concentration problems with simple work or routine work or unskilled work. The fact that a job might be simple or easy to learn does not mean that someone who has difficulty maintaining concentration or focus can perform it. *See, e.g., Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015)(hypothetical question positing a person capable of performing "simple, routine, and repetitive tasks" but unable to perform work involving "fast paced production" did not account for difficulties maintaining concentration, persistence, and pace); *Yurt*, 758 F.3d at 858–59 ("we have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace."); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010)("In most cases ... employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace.").

Additionally, there are some concerns with the ALJ's rejection of the plaintiff's allegations regarding her pain and other symptoms. The ALJ faulted plaintiff for not regularly taking medication ®. 28), but failed to explore or discuss the possible reasons for this as required by Seventh Circuit case law. *See Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016); *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014); *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012). For example, the record indicates that plaintiff's insurance did not cover some of her prescriptions.

(R. 37). *See Goins*, 764 F.3d at 679. The ALJ also stated that plaintiff resisted seeking treatment for her ailment until 2015. But the immense record – well over 800 pages – suggests otherwise. Even the ALJ recounted regularly trips to doctors with complaints of pain prior to 2015. (R. 29-35).

Judicial resources are scarce. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991) (Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.); *see also West v. West*, 694 F.3d 904, 906 (7th Cir. 2012); *Gomez v. St. Vincent Health, Inc*., 649 F.3d 583, 592 (7th Cir. 2011). Rather than continuing through the exercise of the parties briefing this case and the court issuing a ruling -- an exercise that proved to be a waste of judicial resources and the parties' lawyers' time and efforts in *Triplett* – only to have the Commissioner review its actions months later and move for remand under Rules 60(b) and 62.1, the Commissioner is ordered to review the matter now, with an eye toward its motion in *Triplett*. If the Commissioner determines to proceed with this litigation then, within 14 days of this order, the Commissioner must file a brief statement distinguishing the ALJ's decision in this matter from the decision in *Triplett* and explaining how, unlike the *Triplett* decision, the ALJ's decision here does not run afoul of the aforementioned Seventh Circuit precedent.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/9/17